### FERRARI v. SAITTA.

(Supreme Court, General Term, First Department. November 16, 1894.)

PARTNERSHIP—POWER OF SUCCESSORS TO BIND FIRM.

 Where a draft on a certain firm was accepted by that firm's successors, who signed their predecessor's name thereto, said former firm is not bound by such acceptance.

Submission of controversy between Francesco Ferrari, plaintiff, and James Saitta, defendant, on agreed state of facts. Judgment for defendant.

Argued before VAN BRUNT, P. J., and FOLLETT and BARRETT, JJ.

L. O. Van Doren, for plaintiff.

Ullo, Ruebsamen & Cochran, for defendant.

VAN BRUNT, P. J. The plaintiff herein is a dealer in olive oil at Porto Maurizio, Italy, and was such on and for a long time prior to the 5th of November, 1891. In the year 1889 James Saitta, the defendant, formed a copartnership with his son Peter R. Saitta and one Antonio Fugazy, under the firm name of James Saitta, Son & Co., and carried on business at No. 234 Washington street, in the city of New York. Prior to the transaction which is the subject of this submission, there had been other business transactions between James Saitta, Son & Co. and the plaintiff, while the defendant was a member of said firm, and known to be such by the plaintiff. In February, 1891, the copartnership of James Saitta, Son & Co. was dissolved, and the defendant herein, James Saitta, remained the sole owner of the business of said firm, and continued the business under the same firm name up to the 4th of September, 1891, upon which day the defendant sold his business, with all the merchandise, good will, and book account, to Philip Saitta and Eugene Jeni, who assumed the firm name of James Saitta's Son & Co., and continued such business in the same place. On the 13th of August, 1891, a letter was mailed from the office of James Saitta, Son & Co., to the plaintiff, asking him the price of certain cases of oil upon certain terms. This letter was received by the plaintiff on the 25th of August, 1891, and on the 26th he mailed a reply to James Saitta, Son & Co. On the 29th of September, 1891, the plaintiff received a letter through the mail, dated September 13, 1891, upon the letter head of James Saitta, Son & Co., virtually declining his offer because of its terms. On the 12th of October, 1891, the plaintiff addressed a letter of explanation to James Saitta, Son & Co., modifying the terms, and informing his correspondents that

if they would telegraph "50" or "100" he would understand that they wanted 50 or 100 cases of oil. Thereafter, on the 26th of October, 1891, the plaintiff received a telegram in the words following: "100 we recommend quality. Saitta." Upon the receipt of this telegram the plaintiff shipped to James Saitta, Son & Co., on the 5th of November, 1891, 100 cases of oil; and simultaneously with the shipment of the oil, and to secure the payment of the purchase price of the same, the plaintiff drew to his own order and indorsed a bill of exchange in duplicate, and forwarded this bill of exchange for presentation and acceptance through his bankers. The bill of exchange was presented for acceptance at No. 234 Washington street, on the outside of which premises was affixed a sign bearing the name "James Saitta, Son & Co." The bill was presented to James Saitta, who replied to the person presenting the same that he had sold the business to Philip Saitta and Eugene Jeni, and that he had no interest therein, and had never heard of the order in the documents representing the shipment of 100 cases of oil. Thereafter, the holders of the bill of exchange and of the shipping document delivered the documents to Philip Saitta, at No. 234 Washington street, upon his signing an acceptance of the draft of plaintiff. This acceptance was signed: "Accepted Nov. 22, 1891. Jas. Saitta, Son & Co. Jas. Saitta's Son & Co., Successors." On presentation of the bill for payment, it was not paid, and was duly protested. No notice of the withdrawal of James Saitta from business under the firm name of James Saitta, Son & Co., or of the sale by him of said business, was sent to the plaintiff, or received by him, and he had no knowledge thereof. During all this time, James Saitta was of good commercial standing and credit, which fact was relied upon by the plaintiff, and his successors were not known to him.

The question presented by this submission is whether James Saitta was bound by the acceptance of said bill of exchange. If the question submitted had been as to whether the defendant was liable to pay for the goods in controversy, a different case might have been presented. But there seems to be no ground upon which he can be held upon the acceptance. It was not signed by any person shown to have had authority to sign the name of James Saitta, Son & Co. thereto. Philip Saitta, who accepted the bill of exchange, was not a member of that firm, and was not shown to have any authority to accept bills for the same. He was a stranger to the firm, and had no connection whatever with it. Therefore, his acceptance in the name of James Saitta, Son & Co. in no way bound that firm, for the simple reason, as has already been stated, that he was not shown to have any authority to use the signature of that firm under any circumstances whatever. It was though the name of James Saitta, Son & Co. had been signed to the acceptance by a complete stranger, without the slightest authority. Liability cannot be predicated upon an acceptance of that kind. The judgment therefore must be that the defendant, James Saitta, is not liable upon the bill of exchange in question. Judgment ordered accordingly, with costs. All concur.